**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS**

**BLACK & VEATCH CORPORATION,** )
                                   )
     **Plaintiff,** )
                                     )
**v.** )   **Case No.** 10-CV-2370 JAR/DJW
                                     )
**THE TRAVELERS INDEMNITY COMPANY,** )
**As successor-in-interest to The Aetna Casualty** )
**And Surety Company,** )
**One Towers Square** )
**Hartford, Connecticut 06183** )
                                     )
     **Defendant.** )

## COMPLAINT

COMES NOW plaintiff, Black & Veatch Corporation (hereinafter "BLACK &

VEATCH"), by its undersigned attorneys, and for its claim for relief against Defendant,

states and alleges:

1.     BLACK & VEATCH is a Delaware Corporation with its principal place of

business in Missouri and its operations headquarters located in Overland Park, Johnson

County, Kansas. During the policy period of the policy sued upon herein, BLACK &

VEATCH's principal place of business was in Missouri.

2.     Defendant The Travelers Indemnity Company (hereinafter "Defendant" or

"Travelers"), the successor-in-interest to The Aetna Casualty and Surety Company

(hereinafter "Aetna"), is a Connecticut corporation with its principal place of business in

Connecticut. Travelers is an insurance company that sells policies of insurance to

Kansas residents and is licensed to transact insurance business and does transact

insurance business in Kansas. As the successor corporation to Aetna, Travelers

acquired all policy obligations, responsibilities and liabilities of Aetna.

1

## JURISDICTION AND VENUE

3.      Jurisdiction is proper in this Court pursuant to 28 U.S.C.§1332 because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

4.      Venue is proper in this court pursuant to 28 U.S.C. §1391(a)(2) and (c) because a substantial part of the events or omissions giving rise to the claim occurred in this district and defendant is a corporation deemed to reside in this judicial district.

## FACTUAL BACKGROUND

### The Travelers Policy

5.      On or about January 1, 1956, The Aetna Casualty and Surety Company issued a comprehensive general liability insurance policy, Policy No. 30LC3802, with a policy period from January 1, 1956 to January 1, 1957, to N.T. Veatch d/b/a Black and Veatch (hereinafter "1956 Travelers Policy").  A copy of the 1956 Travelers Policy is attached as Exhibit A.

6.      The 1956 Travelers Policy provides coverage for, among other things, "all sums which the Insured [Black & Veatch] shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, by any person and caused by accident." (Insuring Agreement, Part I, Coverage A – Bodily Injury Liability).

7.      The 1956 Travelers Policy also provides in pertinent part that, "the Company [Travelers] shall: (a)  defend any suit against the Insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such

2

suit is groundless, false or fraudulent…"  (Insuring Agreement, Part II.a, Defense, Settlement, Supplementary Payments).

8.      The 1956 Travelers Policy did not include an exclusion to coverage for asbestos claims made against B&V.  Neither did it include an endorsement providing for the exclusion to coverage for asbestos related claims.

## The Drinkwater Action

9.      On or about August 23, 2006, Black & Veatch was named as a defendant in Case No. CGC06455469, styled *Jennifer A. Drinkwater and Robert Drinkwater v. American Optical Corporation fka American Optical Company, et al.*, in The Superior Court of the State of California in and for The County of San Francisco (hereinafter "Drinkwater action").

10.     On or about August 29, 2006, Black & Veatch was served with process in the Drinkwater action.

11.     In the Drinkwater action plaintiff Jennifer Drinkwater alleged she was exposed to asbestos through contact with her father, Robert Brown, who was allegedly exposed to asbestos at various power plants while employed by Black & Veatch from January 1, 1952 to December 31, 1957 and January 1, 1959 to December 31, 1962.

12.     In the Drinkwater action plaintiff Jennifer Drinkwater alleged that as a result of the aforementioned exposure to asbestos she suffered from asbestos related disease, including mesothelioma.

13.     The period of time during which Jennifer Drinkwater was allegedly exposed to asbestos through contact with Robert Brown included the period for which there was coverage under the Travelers Policy issued to Black & Veatch in 1956.

3

On or about February 9, 2007, the trial court in Drinkwater granted Black and Veatch's motion for summary judgment and subsequently entered judgment in its favor.  The judgment was affirmed by the California Court of Appeals on February 14, 2008. *Drinkwater v. Black & Veatch Corp.*,  2008 WL 391273 (Cal.App. 1 Dist.,2008).

14.     Black & Veatch incurred defense costs for attorney fees and case expenses in the amount of $1,060,219.95 to defend the Drinkwater action.

15.     After Black & Veatch was served with process in the Drinkwater action in 2006, it immediately conducted a search of the archival record to determine the identity of its general liability insurer during the pertinent time period from 1952 to 1957 and 1959 to 1962.

16.     Later in 2007, Black & Veatch obtained a copy of the Travelers Policy issued to Black & Veatch in 1956 that was in effect in 1956.  The Policy was certified by Aetna Casualty and Surety Company on June 14, 1957 to be a true and complete copy of the Policy.

17.     In February 2008, Black & Veatch notified Travelers of the Drinkwater action and made a claim for the costs of defense incurred in the Drinkwater action and advised Travelers that it was making a claim under the 1956 Travelers Policy.

18.     The allegations made in the Drinkwater action actually or potentially stated a claim against Black & Veatch within the coverage of the 1956 Travelers Policy.

19.     On or about September 5, 2008, Travelers wrongfully denied that there was coverage for the Drinkwater action under the 1956 Travelers Policy and further denied Black & Veatch's claim for reimbursement of its defense costs paid in the Drinkwater action.

4

20.     All pertinent conditions and limitations imposed upon Black & Veatch by
the 1956 Travelers Policy have either been satisfied, waived, or are subject to an
estoppel.

## The Gersten Action

21.     On or about August 20, 2008, Black & Veatch was named as a defendant
in Case No. RG08402343, styled *Ronald Gersten and Martha Gersten v. Asbestos
Corporation, et al.*, in The Superior Court of the State of California in and for The County
of San Alameda (hereinafter "Gersten action").

22.     On August 21, 2008, Black & Veatch was served with process in the
Gersten action.

23.     In the Gersten action plaintiff Ronald Gersten alleged that he was exposed
to asbestos and asbestos containing material during the period from 1955 through
1960.

24.     In the Gersten action plaintiff Ronald Gersten alleged, *inter alia*, that Black
& Veatch negligently assembled building materials containing asbestos and fraudulently
withheld information from Gersten pertaining to the dangers of asbestos, and that as a
result of the aforementioned negligence Gersten suffered from mesothelioma.  Further,
Gersten's wife asserted a claim for loss of consortium derived from Black & Veatch's
alleged wrongdoing.

25.     The period of time during which Ronald Gersten was allegedly exposed to
asbestos includes the period for which there was coverage under the Travelers Policy
issued to Black & Veatch in 1956.

5

26.     The allegations against Black & Veatch as set forth in the Gersten Complaint actually or potentially stated a claim within the coverage of the 1956 Travelers Policy, triggering Travelers duty to defend Black & Veatch.

27.     On or about September 4, 2008, Black & Veatch provided notice to Travelers of the Gersten action and tendered the defense of the Gersten action to Travelers.

28.     All pertinent conditions and requirements that the 1956 Travelers Policy purports to impose upon Black & Veatch with respect to the Gersten action have been satisfied, or have been waived, and/or are subject to an estoppel against Travelers.

29.     On or about October 10, 2008, Travelers wrongfully denied Black & Veatch's claim for coverage and for a defense in the Gersten action.

30.     Black & Veatch defended itself and prevailed in the Gersten action.

31.     In the Gersten action, Black & Veatch incurred defense costs for attorney fees and case expenses in the amount of $468,927.30.

**COUNT I – BREACH OF CONTRACT – DEFENSE COSTS**

32.     For Count I of its Complaint, Black & Veatch incorporates as though set forth at length, paragraphs 1-31 hereinabove.

33.     Under the terms and provisions of the 1956 Travelers Policy, Travelers was obligated to pay the costs paid by Black & Veatch to defend the Drinkwater and Gersten actions, including attorney fees and all other reasonable and necessary fees, costs and expenses for investigation, adjustment, defense and appeal of the Drinkwater and Gersten actions.

6

34.     Black & Veatch made demand on Travelers to pay its defense costs in the both the Drinkwater and Gersten actions.  Travelers failed and refused to pay Black & Veatch's demand.

35.     During the course of defending the Drinkwater and Gersten actions Black & Veatch incurred attorney fees and case expenses in the total amount of $1,529,219.25.

36.     Travelers waived or is estopped to challenge the reasonableness or necessity of any amount paid by Black & Veatch in defense of the Drinkwater and Gersten actions.

WHEREFORE, Black & Veatch prays for judgment against defendant Travelers in the amount of $1,529,219.25, pre and post judgment interest upon said sums, for reasonable attorney fees and case expenses, costs associated with this action, and for any and all other relief that the Court deems just and equitable.

## COUNT II – ATTORNEY FEES PURSUANT TO K.S.A. 40-256

37.     For Count II of its Complaint, Black & Veatch incorporates as though set forth at length, paragraphs 1 - 36 hereinabove.

38.     Travelers failed or refused without just cause or excuse to pay the loss sustained by its insured within the meaning of K.S.A. 40-256, and Black & Veatch is entitled to recover its attorney fees herein.

WHEREFORE, Black & Veatch prays that the Court enter judgment in its favor and against Travelers for $1,529,219.25, pre and post judgment interest upon said sums, and for reasonable attorney's fees incurred by Black & Veatch in this action to be assessed as costs, and for any other relief that the Court deems just and equitable.

7

## COUNT III – VEXATIOUS REFUSAL TO PAY(Gersten action)

39.     For Count III of its Complaint, Black & Veatch incorporates as though set forth at length, paragraphs 1 - 38 hereinabove.

40.     The allegations against Black & Veatch as set forth in the Gersten Complaint actually or potentially state a claim within the coverage of the Travelers Policy.

41.     Travelers' denial of coverage and failure to defend Black & Veatch in the Gersten case was without reasonable cause or excuse and was vexatious.

42.     Travelers' failure to defend Black & Veatch and to pay its $468,927.30 defense costs, entitles Black & Veatch to additional damages pursuant to RsMO § 375.420 in the amount of $47,042.73 above and beyond the amount of its loss, interest thereon, attorney fees and costs in the instant action.

WHEREFORE, Black & Veatch prays that the Court enter judgment in its favor and against Travelers for $1,529,219.25, pre and post judgment interest upon said sums, and for reasonable attorney's fees incurred by Black & Veatch in this action to be assessed as costs, and for $47,042.73 pursuant to RsMO § 375.420, and for any other relief that the Court deems just and equitable.

## COUNT IV – VEXATIOUS REFUSAL TO PAY(Drinkwater action)

43.     For Count IV of its Complaint, Black & Veatch incorporates as though set forth at length, paragraphs 1 - 42 hereinabove.

44.     The allegations against Black & Veatch as set forth in the Drinkwater Complaint actually or potentially state a claim within the coverage of the Travelers

Policy. Travelers had a duty to defend Black & Veatch which included the obligation to reimburse Black and Veatch for its costs to defend the Drinkwater action.

45. Travelers' denial of coverage and failure to pay the defense cost incurred by Black & Veatch in the Drinkwater case was without reasonable cause or excuse and was vexatious.

46. Travelers' failure to defend Black & Veatch and to pay its $1,060,219.95 defense costs, entitles Black & Veatch to damages pursuant to RsMO § 375.420 in the amount of $106,179.19 above and beyond the amount of its loss, interest thereon and attorney fees and costs in the instant action.

WHEREFORE, Black & Veatch prays that the Court enter judgment in its favor and against Travelers for $1,529,219.25, pre and post judgment interest upon said sums, and for reasonable attorney's fees incurred by Black & Veatch in this action to be assessed as costs and for $106,179.19 pursuant to RsMO § 375.420, and for any other relief that the Court deems just and equitable.

## COUNT V – BAD FAITH

47. For Count V of its Complaint, Black & Veatch incorporates as though set forth at length, paragraphs 1 - 46 hereinabove.

48. At the time that Black & Veatch tendered its defense to Travelers in the Gersten action, Travelers had a copy of the 1956 Travelers Policy confirming its agreement and duty to "defend any suit against the Insured alleging such injury, sickness, disease or destruction, and seeking damages on account thereof, even if such suit is groundless, false or fraudulent."

9

49.     At the time that Travelers denied Black & Veatch's tender of defense in the Gersten action and claim for costs of defense in the Drinkwater action Travelers was aware that the 1956 Travelers Policy placed upon Travelers a duty to "defend any suit against the Insured alleging such injury, sickness, disease or destruction, and seeking damages on account thereof, even if such suit is groundless, false or fraudulent."

50.     Travelers' failure to defend Black & Veatch in the Gersten action and its denial of Black and Veatch's claims for payment of the costs of defense in the Drinkwater action were outrageous, willful, intentional and/or done with either an evil motive or reckless indifference.

51.     As a result of Travelers outrageous, willful, intentional, malicious or reckless indifference acts, Black & Veatch is entitled to an award of exemplary or punitive damages against Travelers.

WHEREFORE, Black & Veatch prays that the Court enter judgment in its favor and against Travelers for $1,529,219.25, pre and post judgment interest upon said sums, and for reasonable attorney's fees incurred by Black & Veatch in this action to be assessed as costs, and for damages pursuant to RsMO § 375.420 in the amount of $47,042.73 for vexatious refusal to defend Black & Veatch in the Gersten action; and for damages pursuant to RsMO § 375.420 in the amount of $106,179.19 for vexatious refusal to reimburse Black &Veatch's costs to defend the Drinkwater action; and for exemplary or punitive damages for its bad faith, and for any other relief that the Court deems just and equitable.

VASOS LAW OFFICES

DONALD W. VASOS          KS 6371/MO 40462
DAVID A. HOFFMAN              KS 13470
4400 Shawnee Mission Parkway, Suite 100
Fairway, KS 66205-2518
(913) 362-4400 / (913) 362-4244 [FAX]
ATTORNEYS FOR PLAINTIFF

## DEMAND FOR TRIAL BY JURY

COMES NOW Plaintiff and demands trial by jury of all issues so triable.

VASOS LAW OFFICES

DONALD W. VASOS          KS 6371/MO 40462
DAVID A. HOFFMAN              KS 13470
ATTORNEYS FOR PLAINTIFF

## DESIGNATION OF PLACE OF TRIAL

COMES NOW plaintiff and designates Kansas City, Kansas as the place where

the trial of this matter is to be held.

VASOS LAW OFFICES

DONALD W. VASOS          KS 6371/MO 40462
DAVID A. HOFFMAN              KS 13470
ATTORNEYS FOR PLAINTIFF